# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

In re: §
§
PLAVSIC, VLADISLAV § Case No. 10-35482
PLAVSIC, DEIDRE §
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on
   . The undersigned trustee was appointed on                    .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]                    $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/Frances Gecker_____
                                       Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 1

Exhibit A

| | |  | | |
|---|---|---|---|---|
| Case No: | 10-35482   TAB   Judge: Timothy A. Barnes | | Trustee Name: | Frances Gecker |
| Case Name: | PLAVSIC, VLADISLAV | | Date Filed (f) or Converted (c): | 08/09/10 (f) |
| | PLAVSIC, DEIDRE | | 341(a) Meeting Date: | 10/07/10 |
| For Period Ending: | 10/13/14 | | Claims Bar Date: | 04/06/12 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 116 Cheviot Drive, Bartlett, IL | 325,000.00 | 0.00 | | 0.00 | FA |
| 2. Checking Account Location: In debtor's possession        Debtor Claimed Exemption | 2,000.00 | 0.00 | | 0.00 | FA |
| 3. Household goods/furnishings Location: In debtor's        Debtor Claimed Exemption | 750.00 | 0.00 | | 0.00 | FA |
| 4. DVD's & CD's Location: In debtor's possession        Debtor Claimed Exemption | 200.00 | 0.00 | | 0.00 | FA |
| 5. Wearing apparel Location: In debtor's possession        Debtor Claimed Exemption | 500.00 | 0.00 | | 0.00 | FA |
| 6. 2 Pistols Location: In debtor's possession        Debtor Claimed Exemption | 100.00 | 0.00 | | 0.00 | FA |
| 7. 2000 Moto Guzzi Location: In debtor's possession        Debtor Claimed Exemption | 2,000.00 | 0.00 | | 0.00 | FA |
| 8. 2003 Kia Sedona Location: In debtor's possession        Debtor Claimed Exemption | 3,000.00 | 0.00 | | 0.00 | FA |
| 9. INHERITANCE (u) | 0.00 | 10,000.00 | | 5,963.33 | FA |

Gross Value of Remaining Assets

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2
Exhibit A

| Case No: | 10-35482    TAB    Judge: Timothy A. Barnes | Trustee Name: | Frances Gecker |
|---|---|---|---|
| Case Name: | PLAVSIC, VLADISLAV | Date Filed (f) or Converted (c): | 08/09/10 (f) |
| | PLAVSIC, DEIDRE | 341(a) Meeting Date: | 10/07/10 |
| | | Claims Bar Date: | 04/06/12 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| TOTALS (Excluding Unknown Values) | $333,550.00 | $10,000.00 | | $5,963.33 | $0.00 |

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 10/01/11    Current Projected Date of Final Report (TFR): 10/31/14

/s/    Frances Gecker
_____ Date: 10/13/14
FRANCES GECKER

Case 10-35482   Doc 31   Filed 10/30/14   Entered 10/30/14 11:45:31   Desc Main
Document      Page 5 of 10

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1

Exhibit B

| Case No: | 10-35482 -TAB | Trustee Name: | Frances Gecker |
|---|---|---|---|
| Case Name: | PLAVSIC, VLADISLAV | Bank Name: | Bank of New York Mellon |
| | PLAVSIC, DEIDRE | Account Number / CD #: | *******7358  GENERAL CHECKING |
| Taxpayer ID No: | *******9661 | | |
| For Period Ending: | 10/13/14 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 02/12/13 | 9 | Estate of Milica Plavsic | INHERITANCE | 1290-000 | 5,963.33 | | 5,963.33 |
| 02/14/13 | 010000 | INTERNATIONAL SURETIES, LTD.<br>Suite 420<br>701 Poydras Street<br>New Orleans, LA  70139 | Blanket Bond #016026455 | 2300-000 | | 5.38 | 5,957.95 |
| 03/07/13 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | 4.57 | 5,953.38 |
| 03/11/13 | | Bank of New York Mellon | BANK SERVICE FEES | 2600-000 | | 5.43 | 5,947.95 |
| 04/05/13 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | 10.00 | 5,937.95 |
| 05/07/13 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | 10.00 | 5,927.95 |
| 06/07/13 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | 10.00 | 5,917.95 |
| 07/08/13 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | 10.00 | 5,907.95 |
| 02/03/14 | 010001 | INTERNATIONAL SURETIES, LTD.<br>Suite 420<br>701 Poydras Street<br>New Orleans, LA  70139 | BOND PREMIUM<br>BOND NO. 016026455 | 2300-000 | | 8.51 | 5,899.44 |

Page Subtotals     5,963.33     63.89

UST Form 101-7-TFR (5/1/2011) (Page: 5)
LFORM24
Ver: 18.01

FORM 2

Page: 2

Exhibit B

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No: | 10-35482 -TAB | Trustee Name: | Frances Gecker |
|---|---|---|---|
| Case Name: | PLAVSIC, VLADISLAV | Bank Name: | Bank of New York Mellon |
| | PLAVSIC, DEIDRE | Account Number / CD #: | *******7358 GENERAL CHECKING |
| Taxpayer ID No: | *******9661 | | |
| For Period Ending: | 10/13/14 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

|  |  |  |  | COLUMN TOTALS | 5,963.33 | 63.89 | 5,899.44 |
|  |  |  |  | Less: Bank Transfers/CD's | 0.00 | 0.00 | |
|  |  |  |  | Subtotal | 5,963.33 | 63.89 | |
|  |  |  |  | Less: Payments to Debtors | | 0.00 | |
|  |  |  |  | Net | 5,963.33 | 63.89 | |

| | | | TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|---|---|---|
| | | | GENERAL CHECKING - ********7358 | 5,963.33 | 63.89 | 5,899.44 |
| | | | | 5,963.33 | 63.89 | 5,899.44 |
| | | | | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Frances Gecker, Trustee

Trustee's Signature: \_\_\_\_/s/ Frances Gecker_____ Date: 10/13/14
FRANCES GECKER

Page Subtotals      0.00       0.00

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: October 13, 2014 |
|---|---|---|---|---|---|---|

Case Number: 10-35482  
Debtor Name: PLAVSIC, VLADISLAV  
Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001<br>2100-00 | FRANCES GECKER, CHAPTER 7 TRUSTEE<br>325 N. LaSalle Street<br>Suite 625<br>Chicago, IL 60654 | Administrative | | $1,346.33 | $0.00 | $1,346.33 |
| 001<br>3110-00 | FRANKGECKER LLP<br>325 N. LaSalle Street<br>Suite 625<br>Chicago, IL 60654 | Administrative | | $2,222.50 | $0.00 | $2,222.50 |
| BOND<br>999<br>2300-00 | INTERNATIONAL SURETIES, LTD.<br>Suite 420<br>701 Poydras Street<br>New Orleans, LA 70139 | Administrative | | $8.51 | $8.51 | $0.00 |
| 000001<br>070<br>7100-00 | NELNET<br>3015 SOUTH PARKER ROAD SUITE 400<br>AURORA CO 80014-2904 | Unsecured | | $24,110.74 | $0.00 | $24,110.74 |
| 000002<br>070<br>7100-00 | FIFTH THIRD BANK<br>9441 LBJ FREEWAY, SUITE 350<br>DALLAS, TEXAS 75243 | Unsecured | | $945.34 | $0.00 | $945.34 |
| | Case Totals: | | | $28,633.42 | $8.51 | $28,624.91 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 10-35482
Case Name: PLAVSIC, VLADISLAV
          PLAVSIC, DEIDRE
Trustee Name: Frances Gecker

      Balance on hand                                      $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Frances Gecker | $ | $ | $ |
| Attorney for Trustee Fees: FRANKGECKER LLP | $ | $ | $ |
| Other: INTERNATIONAL SURETIES, LTD. | $ | $ | $ |

    Total to be paid for chapter 7 administrative expenses        $_____

    Remaining Balance                                       $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $     must be paid in advance of any dividend to general (unsecured) creditors.

    Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be        percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | NELNET | $ | $ | $ |
| 000002 | FIFTH THIRD BANK | $ | $ | $ |

Total to be paid to timely general unsecured creditors    $_____

Remaining Balance    $_____

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be        percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be        percent.

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE